■ In the Matter of the Arbitration between SCHENECTADY POLICE BENEVOLENT ASSOCIATION, Respondent, and CITY OF SCHENECTADY, Appellant. [638 NYS2d 795] —Crew III, J. Appeal from an order of the Supreme Court (Caruso, J.), entered July 10, 1995 in Schenectady County, which, inter alia, granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

Petitioner and respondent are parties to a collective bargaining agreement containing grievance and arbitration procedures for resolution of disputes between them. In 1994, respondent's police department decided to "abolish" the position of "investigator" and replace it with the competitive classification of "detective". At the time that determination was made, and for approximately 30 years prior thereto, investigative duties in the police department were performed by police officers, who held their positions by reason of competitive examinations administered in accordance with the Civil Service Law. Investigative duties in the department were assigned to police officers, contractually, by a seniority bid process. While the officers receiving such assignment were termed "investigators", the assignment constituted neither an appointment nor a promotion to the position of investigator. The proposed new position of "detective" was to be filled by current police officers who had served for more than 18 months in their investigative assignments, while future vacancies would be filled by competitive examination.

Believing the department's abolishment of the aforesaid procedure and the creation of the new "detective" position to be in violation of the collective bargaining agreement, petitioner submitted a grievance to respondent's Mayor in accordance with the agreement. The Mayor denied the grievance and petitioner filed a demand for arbitration, also in accordance with the agreement. Following a hearing, the arbitrator found respondent's proposed actions to be violative of the agreement

and directed that the status quo be restored. Petitioner then commenced this CPLR article 75 proceeding to confirm the award and respondent cross-petitioned to vacate the award. Supreme Court confirmed the award and this appeal by respondent ensued.

It is axiomatic that courts will not disturb an arbitrator's award as long as the arbitrator acted within his or her jurisdiction, even where the arbitrator has made errors of law or fact (*see, e.g., Matter of Goldfinger v Lisker*, 68 NY2d 225, 230). However, as urged by respondent, such an award is subject to vacatur if it is violative of a strong State public policy (*see, e.g., Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308). It is respondent's position that because the effect of the arbitrator's decision is to prevent it from creating the position of detective and filling such position by competitive examination, it therefore violates the State's public policy of ensuring that appointments and promotions in the civil service of the State be made according to merit as ascertained by competitive examination (*see*, NY Const, art V, § 6). We disagree.

The arbitrator's decision merely determined that respondent's proposed action violated the parties' collective bargaining agreement and directed that the status quo be restored. The appropriate inquiry, therefore, is whether the status quo violates the strong public policy of making appointments and promotions in the civil service according to merit as ascertained by competitive examination. We think not. As previously noted, police officers who perform the duties of investigator under the current system received their appointments pursuant to the dictates of Civil Service Law § 58. Furthermore, those officers who bid in to the assignment of investigative duties are neither appointed nor promoted to the position of investigator— they remain police officers performing, as such, investigative duties. To the contrary, it is respondent's proposal under which police officers would be promoted to the position of detective based upon the mere passage of time that clearly violates the State's public policy of merit selection (*see, Matter of Wood v Irving*, 85 NY2d 238).

We similarly reject respondent's assertions that the arbitrator was biased based upon the tenor of his decision. While the syntax might be described as colorful and portions thereof, perhaps, unpropitious, this does not rise to the level of misconduct within the meaning of CPLR 7511 (b) (1) (i). We have examined respondent's remaining contentions and find them equally unavailing.

Mercure, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.